UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS AZPEITIA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>TESORO REFINING & MARKETING<br>COMPANY LLC, et al.,<br><br>        Defendants. | Case No. 17-cv-00123-JST<br><br>**ORDER GRANTING MOTION TO<br>CONSOLIDATE AND APPOINTING<br>INTERIM LEAD COUNSEL**<br><br>Re: ECF No. 49 |

Before the Court are Plaintiffs' motion to consolidate Azpeitia v. Tesoro Refining and Marketing Company LLC et al., Case No. 17-cv-00123-JST, and Jinetra Bonner v. Tesoro Refining & Marketing Company, LLC, Case No. 17-cv-03850-JST, and Plaintiffs' request for appointment of proposed interim lead counsel. ECF No. 49. Defendants do not oppose the motions. ECF No. 51. For the reasons set forth below, the Court consolidates the Bonner case with this action and appoints Hadsell Stormer & Renick, LLP as interim lead class counsel.[1]

## I.        CONSOLIDATION[2]

### A.        Procedural History

On January 10, 2017, the Azpeitia Plaintiffs filed a putative class action in the United States District Court for the Northern District of California. ECF No. 1. On March 22, 2017, Jinetra Bonner filed suit in Sacramento Superior Court, alleging the same claims and one additional claim. See Bonner, ECF No. 1. On May 3, 2017, Defendants removed the Bonner

---

[1] The Court concludes that the motion is suitable for disposition without oral argument. Civ. L.R. 7-1(b). The motion hearing scheduled for September 28, 2017 is vacated. The case management conference on that date remains as set.

[2] For further factual background and detail on the nature of the claims, refer to the Court's order granting in part and denying in part Defendants' motion to dismiss. ECF No. 43; Azpeitia v. Tesoro Refining & Marketing Co. LLC, Case No. 17-cv-00123, 2017 WL 3115168 (N.D. Cal. July 21, 2017).

action to the United States District Court for the Eastern District of California. Id. On June 12, 2017, the Bonner Plaintiff filed a Motion to Change Venue to the Northern District of California and a Notice of Related Case in the Azpeitia action. Bonner, ECF No. 5-6. The Bonner court granted the motion to transfer on July 6, 2017. Id., ECF No. 14. This Court related the two actions on July 25, 2017. Id., ECF No. 22. On July 21, 2017, this Court issued an order granting in part and denying in part Defendants' motion to dismiss in the Azpeitia action. ECF No. 43. The Bonner court terminated as moot the pending motion to dismiss in the Bonner action, raising the same legal and factual arguments as in the Azpeitia motion, in connection with the transfer order. Bonner, ECF No. 14. Plaintiffs now wish to consolidate the two actions.

**B.      Legal Standard**

"When actions involving a common question of law or fact are pending before the court, it . . . may order all the actions consolidated." Fed. R. Civ. P. 42(a). The "district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. Dist. Court, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" Zhu v. UCBH Holdings, Inc., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quoting Southwest Marine, Inc. v. Triple A Machine Shop, Inc., 720 F. Supp. 805, 806-07 (N.D. Cal. 1989).

**C.      Analysis**

Both actions share the same proposed class, the same legal claims for the same class period, the same Defendants, and nearly identical factual allegations. ECF No. 49 at 4. The First Amended Complaint ("FAC") in Azpeitia alleges claims Defendants breached their legal obligations to authorize and permit rest periods and to furnish timely and accurate wage statements, pursuant to California Labor Code §§ 226, 226.3, 226.7 and California Welfare Commission Wage Order No. 1-2001 ("Wage Order 1-2001"). ECF No. 21. The complaint in Bonner includes identical wage and hour claims with an additional claim for meal break violations. Bonner, ECF No. 1. On June 29, 2017, the Bonner court dismissed Bonner's meal break claims, pursuant to stipulation, to limit her complaint to the same claims alleged in Azpeitia.

Bonner, ECF No. 12.  On July 21, 2017, the Court granted in part and denied in part Defendants' motion to dismiss in Azpeitia.  ECF No. 43.

The two related actions clearly involve common questions of law and fact.  Accordingly, both matters require a determination of whether Defendants' alleged conduct violates wage and hour law.  Moreover, the Court is not aware of any delay or prejudice to either party that would result from consolidation of the two cases, particularly where both cases are in the early stages of litigation and where the parties have stipulated to extend the time for Defendants to respond to a possible consolidated complaint to avoid duplication of efforts.  ECF No. 46.

Efficiency considerations favor consolidation in this case.  Motion practice, discovery, and trial will all be based on the same common set of facts and legal issues.  Consolidation will allow both cases to proceed at the same pace, promote judicial economy by lessening the Court's burden in managing the two cases, and streamline the parties' briefing requirements.

The Court accordingly grants Plaintiffs' motion to consolidate.

## II.     APPOINTMENT OF COUNSEL

Plaintiffs also move for an order designating Hadsell Stormer & Renick, LLP as interim lead class counsel in order to best protect the interests of the putative class and promote efficiency of case management.

### A.     Legal Standard

Rule 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g).  This rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class."  Wang v. OCZ Technology Grp., Inc., Case No. C 11-01415 PSG, 2011 WL 13156817, at *2 (N.D. Cal. June 29, 2011) (quoting Fed. R. Civ. P. 23(g)(2)(A) advisory committee notes on 2003 amends.)  "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."  Manual for Complex Litig., § 21.11 (4th ed. 2004).

Federal Rule of Civil Procedure 23(g)(1)(A) requires that courts consider the following factors in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." The Court looks to those factors in designating interim class counsel as well. See Parkinson v. Hyundai Motor Am., 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably, the same factors apply[.]"); In re Air Cargo Shipping Serv. Antitrust Litig., 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("[I]t appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification.").

The Court has reviewed Plaintiffs' proposal and concludes that lead class counsel comprised of Hadsell Stormer & Renick, LLP would "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The firm has done extensive work identifying, investigating, and prosecuting the potential claims. ECF No. 49 at 8; ECF No. 49-1 ¶ 11. The firm has experience handling complex litigation and knowledge of the applicable law. Id.; Id. ¶¶ 12-15; ECF No. 49-2 at 35-39. The firm has established that it will commit adequate resources to representing the class. ECF No. 49-1 ¶¶ 18-19. Having one lead class counsel for the consolidated action will also promote judicial efficiency, and all three firms representing the Plaintiffs agree that Hadsell Stormer & Renick, LLP should be appointed interim lead class counsel, with the hours expended litigating the action to be distributed evenly between the firms. ECF No. 49 at 9; ECF No. 49-1 ¶ 18. Accordingly, the Court designates Hadsell Stormer & Renick, LLP as interim lead class counsel.

## CONCLUSION

The Court grants Plaintiffs' motion to consolidates and appoints Hadsell Stormer & Renick, LLP as interim lead class counsel. Plaintiffs are granted leave to file a consolidated

///

4

complaint within 45 days of the date of this order.  Defendants shall file their answer to Plaintiffs'

consolidated complaint within 45 days after Plaintiffs file their consolidated complaint.

IT IS SO ORDERED.

Dated: September 14, 2017

_____
JON S. TIGAR
United States District Judge