# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON VALLIERE, EILEEN FOSTER, ANTONIO GARCIA, and SAMANTHA WEST, individually and on behalf of all similarly situated current and former employees,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>TESORO REFINING AND MARKETING COMPANY LLC, TESORO LOGISTICS GP, LLC, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants.<br><br>---<br><br>JINETRA BONNER, individually, on behalf herself and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>TESORO REFINING & MARKETING COMPANY, LLC, a Delaware Limited Liability Company; and DOES 1 through 100 inclusive,<br><br>　　　　　　Defendants. | Case Nos. 3:17-cv-00123-JST<br>3:17-CV-03850-JST<br><br>**CLASS ACTION**<br><br>**[PROPOSED]**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION, APPROVAL OF CLASS NOTICE, AND SETTING OF FINAL FAIRNESS / FINAL APPROVAL HEARING DATE.**<br><br><br>Date:　　　June 13, 2019<br>Time:　　　2:00 p.m.<br>Crtroom:　　9　(19th Floor)<br>Judge:　　　Hon. Jon S. Tigar |

The Court, having fully reviewed the Motion for Order Granting Preliminary Approval of Class Action Settlement, the supporting Points and Authorities, Declarations of Class Counsel Randy Renick, Joshua A. Young, and Michael Singer, the Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement"), and the Notice of Class Action Settlement, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement and, if preliminarily determined to be reasonable, to ensure proper notice is provided to Class Members in accordance with due process requirements, and to conduct a Final Fairness / Final Approval hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:

1. The Court finds, on a preliminary basis, that the Settlement Agreement incorporated in full by this reference and made a part of this Order Granting Preliminary Approval has no obvious deficiencies, does not improperly grant preferential treatment to the Class Representatives or segments of the class, and appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court. The Court notes that Defendants Tesoro Refining and Marketing Company LLC, and Tesoro Logistics GP, LLC (collectively, "Defendants" or "Tesoro") agreed to pay the non-reversionary Gross Settlement Amount of $15,250,000 in full satisfaction of the claims as more specifically described in the Settlement Agreement, although Tesoro vigorously maintains that it did violate rest break or any related laws.

2. The Court also finds that, on a preliminary basis, the Settlement is fair, just, adequate, and reasonable to all members of the Class when balanced against the probable outcome of further litigation relating to class action certification, liability and damages issues, and potential appeals of rulings. The Court further finds that significant investigation, research, litigation, formal and informal discovery have been conducted such that Counsel for the Parties are able to reasonably evaluate their respective positions. The Court further finds that the Settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation, and that the proposed Settlement has been reached as the result of intensive, informed and non-collusive and arms'-length negotiations between the Parties. ACCORDINGLY, GOOD CAUSE APPEARING, THE MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT IS HEREBY GRANTED.

3. As a part of preliminary approval, the Court finds for settlement purposes only, that the Class meets the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and the Court accepts and incorporates the Settlement Agreement and hereby conditionally certifies the Class of persons, for purposes of this Settlement only, pursuant to the Settlement Agreement's terms and conditions as follows:

> All current and former employees of Defendants (or any of their affiliated entities) who worked a rotating 8-hour, 10-hour, or 12-hour shift in operations at any time during the Class Period at the i) Martinez Refinery or Chem Plant in Martinez, California; ii) the Los Angeles Refinery, Carson Operations, in Carson and Long Beach, California; iii) the Los Angeles Refinery, Wilmington Operations, in Wilmington, California; iv) the Tesoro Logistics terminal facilities at the Martinez Refinery; and v) the Long Beach Terminal, T2, Berth 121, and East Hynes in Long Beach, Carson, Signal Hill, and/or Wilmington, California.

4. The Court approves and appoints Plaintiffs Jon Valliere, Eileen Foster, Antonio Garcia, Samantha West, and Jinetra Bonner as the Class Representatives.

5. The Court approves and appoints Hadsell Stormer & Renick, Gilbert & Sackman, and Cohelan Khoury & Singer as Class Counsel.

6. The Court approves and appoints CAC Services Group, LLC as the settlement Administrator to administer the Settlement pursuant to the terms of the Settlement Agreement.

7. The Court preliminarily approves of the payment to Class Counsel of reasonable attorneys' fees of $3,812,500 (25% of the common fund) and reasonable costs up to $100,000;

8. The Court preliminarily approves of a class representative service payment in the amount of $7,500 to each of the five Class Representatives;

9. The Court finds that the Notice of Class Action Settlement ("Class Notice") together with the Change of Address form (Exhibits A and B to the Settlement Agreement), and together with a pre-printed return envelope, (collectively "Notice Packet") advises the Class of the pendency of the Class Action, of the proposed Settlement terms, of the preliminary Court approval of the Settlement, of the automatic payment of a proportionate share of the Settlement monies if the Class Member does not request to be excluded, of the released claims, of the estimated amount each may expect to receive pursuant to the proposed Settlement, of their right to submit objections or requests for exclusion and of the manner and timing for doing either of these acts.

10. The Court further finds the proposed Class Notice and the proposed method of dissemination fairly and adequately advises the Class of the terms of the proposed Settlement, of their rights, of the benefits available to Class Members, and of the Final Approval hearing date, time and place, and their right to file documentation in support of or in opposition to the Settlement and to appear in connection with said hearing. The Court finds the Class Notice clearly comports with all constitutional requirements including those of due process and, when completed, shall constitute sufficient notice to the Class Members. ACCORDINGLY, GOOD CAUSE APPEARING, THE COURT HEREBY APPROVES THE PROPOSED CLASS NOTICE.

11. The Court finds the mailing to the Class Member's present and last known address, with safeguards to perform reasonable skip traces of returned as undeliverable Notice Packets, constitutes an effective method of notifying Class Members of their rights with respect to the proposed Settlement. ACCORDINGLY, IT IS HEREBY ORDERED that:

(a) On or before _____, 2019 [20 calendar days of the Preliminary Approval], Tesoro shall forward to the appointed Administrator, the Class List and Data as provided for by the terms of the Settlement Agreement;

(b) On or before _____, 2019 [15 business days of receipt of the Class List and Data], the Administrator shall mail to each Class Member, by first class United States mail, postage pre-paid, the Notice of Class Action Settlement, Change of Address Form and pre-printed return envelope, (collectively the "Notice Packet"). The exterior of the mailing envelope shall include the following language below the Administrator's address:

**Important Legal Document**:

**You may get Money from a Class Action Settlement; your prompt reply to correct a Bad address is required**.

(c) All mailings shall be made to the present and/or last known mailing address of the Class Members based on Tesoro's records, and as may be updated and located by the Administrator and as may be provided to the Administrator by Class Counsel. The Court finds, and so orders, that the mailing of Notice Packets to the Class as set forth in this paragraph is the best means practicable by

[Proposed] Order Granting Preliminary Approval
Case Nos. 3:17-cv-00123-JST/3:17-CV-03850-JST
3

which to reach Class Members and is reasonable and adequate pursuant to all constitutional and statutory requirements including all due process requirements; and,

12. IT IS FURTHER ORDERED that:

(a) <u>Requests for Exclusion</u>.  Requests for exclusion from the Settlement must be mailed to the Administrator at the address provided for in the Class Notice, postmarked no later than _____, 2019 [45 calendar days from the initial mailing of the Notice Packet to the Class (the "Notice Response Deadline")].  If the Notice Response Deadline falls on a Saturday or Federal Holiday, it will be extended to the next day which the U.S. Postal Service is open.

(b) <u>Objections</u>. Notices of objection to the Settlement must be mailed to the Court, at the address shown in the Class Notice, by first-class U.S. mail on or before the Notice Response Deadline. The written notice of objection 1) must be signed by the Class Member and/or his or her representative; (2) state the objecting Class Member's name, address, telephone number and the last four digits of his/her Social Security number; (3) state the case name and number as follows: *Valliere, et al. vs. Tesoro Refining and Marketing Co., LLC, et al.,* Case No. 3:17-cv-00123-JST; (4) state concisely each objection to the Settlement; (4) explain the basis for each objection, and (5) be dated. If the Class Member intends to use any document(s) to support his or her objection, a copy of the document(s) must be included with the written objection at the time of submission.  Class Members who serve a timely and valid notice of objection will have the right to appear at the Final Fairness/Final Approval Hearing to have their objections heard by the Court.  However, a notice of intention to appear must be served in the same manner as the notice of objection on or before the Notice Response Deadline.

13. IT IS FURTHER ORDERED that the Final Fairness / Final Approval hearing shall be held before the undersigned at **2:00 p.m. a.m. on _____, 2019**, in the above-entitled Court, the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 9, 19th Floor, San Francisco, California 94102 to consider the fairness, adequacy and reasonableness of the proposed Settlement preliminarily approved by this Order of Preliminary Approval, and to consider the application of Class Counsel for awards of reasonable attorneys' fees and litigation expenses, the Class Representative Service Payments, and the Administrator's expenses.

14. IT IS FURTHER ORDERED, that all papers in support of the request for Final Approval of the Class Action Settlement shall be filed at least thirty-five (35) calendar days before the Final Fairness/Final Approval hearing, and all papers in support of Class Counsel's Motion for Attorneys' Fees shall be filed thirty-five (35) calendar days prior to the Notice Response Deadline.

15. IT IS FURTHER ORDERED that if, for any reason, the Court does not execute and file an Order Granting Final Approval and Judgment, or if the Effective Date, as defined by the Settlement Agreement, does not occur for any reason whatsoever, the Settlement Agreement and the proposed Settlement subject of this Order and all evidence and proceedings had in connection therewith, shall be null and void and without prejudice to the *status quo ante* rights of the Parties to the litigation as more specifically set forth in the Settlement Agreement.

16. IT IS FURTHER ORDERED that, pending further order of this Court, all proceedings in this matter except those contemplated by this Order and in the Settlement Agreement are stayed.

17. The Court expressly reserves the right to adjourn or to continue the Final Approval hearing from time-to-time without further notice to Class Members, except that notice of a continuance shall be provided to all Class Members who submit a Notice of Objection. In the event the Settlement does not become final for any reason, this Preliminary Approval Order shall be of no further force or effect and the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, and not be admissible in connection with, the issue of whether a class should be certified in a non-settlement context.

IT IS SO ORDERED.

Dated: _____, 2019

The Honorable Jon S. Tigar
United States District Court
Northern District of California

[Proposed] Order Granting Preliminary Approval
Case Nos. 3:17-cv-00123-JST/3:17-CV-03850-JST
5