RANDY RENICK (CA Bar No. 179652)
(Email: rrr@hadsellstormer.com)
CORNELIA DAI (CA Bar No. 207435)
(Email: cdai@hadsellstormer.com)
**HADSELL STORMER & RENICK, LLP**
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Fax: (626) 577-7079

*Lead Plaintiffs' Counsel*

[Additional Counsel Listed on Next Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| JON VALLIERE, EILEEN FOSTER, ANTONIO GARCIA, and SAMANTHA WEST, individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>TESORO REFINING AND MARKETING COMPANY LLC, TESORO LOGISTICS GP, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:17-cv-00123-JST<br><br>Assigned to the Hon. Jon S. Tigar<br><br>**PLAINTIFFS' RESPONSE TO CLASS MEMBERS NORMAN ANTHONY ROGERS, SAMUEL MCDONALD, AND BRIAN DUMONT'S PARTIAL OBJECTION TO MOTION FOR PRELIMINARY APPPROVAL OF CLASS ACTION SETTLMENT [DKT. 96]** |
| JINETRA BONNER, individually, on behalf herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TESORO REFINING & MARKETING COMPANY, LLC, a Delaware Limited Liability Company; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. 17-CV-03850-JST |

PLTFFS' RESPS TO CLASS MEMBERS ROGERS, MCDONALD, & DUMONT'S PARTIAL OBJ TO MOT FOR PRELIM APPROVAL OF CLASS ACTION SETTLEMENT/ CASE NOS. 3:17-CV-00123-JST/17-CV-03850-JST

1

JAY SMITH (CA Bar No. 166105)
(Email: js@gslaw.org)
JOSHUA F. YOUNG (CA Bar No. 232995)
(Email: jyoung@gslaw.org)
GILBERT & SACKMAN
A LAW CORPORATION
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Fax: (323) 937-9139
*Attorneys for Plaintiffs*

COHELAN KHOURY & SINGER
Timothy D. Cohelan (CA Bar No. 60827)
tcohelan@ckslaw.com
Michael D. Singer (CA Bar No. 115301)
msinger@ckslaw.com
J. Jason Hill (CA Bar No. 179630)
jhill@ckslaw.com
605 "C" Street, Suite 200
San Diego, California 92101
Telephone:     (619) 595-3001
Facsimile:     (619) 595-3000
*Attorneys for Plaintiffs*

PLTFFS' RESPS TO CLASS MEMBERS ROGERS, MCDONALD, & DUMONT'S PARTIAL OBJ TO MOT FOR
PRELIM APPROVAL OF CLASS ACTION SETTLEMENT/ CASE NOS. 3:17-CV-00123-JST/17-CV-03850-JST

2

1    Plaintiffs submit this response to the "Partial Objection" of class members Norman Anthony Rogers, Samuel McDonald, and Brian Dumont (collectively, "Objectors") following review of Defendants' response thereto.

On June 6, 2019, class members Norman Anthony Rogers, Samuel McDonald, and Brian Dumont filed a partial objection to Plaintiffs' Motion for Preliminary Approval. (Dkt. 96.) In it, the Objectors identified "one small defect," but raised "no complaint with the overall settlement amount or any other aspect of the proposed settlement." (Dkt. 96, at 1.) Specifically, the Objectors argued that "their union dues should be deducted from the back pay portion of their settlement payments" pursuant to their unions' collective bargaining agreements with Defendant ("the CBAs"). (*Id.*)

In their response to the Objection, Defendants countered that (1) the settlement payments are not subject to dues deductions under the CBAs and that, even so, (2) the Court is preempted by federal labor law from resolving disputes over the interpretation of the CBAs. (Dkt. 99, at 1-2.)

Plaintiffs contend that the Objection presents no basis for denial of preliminary approval of the Settlement Agreement.  Both Objectors and Defendants agree that the dispute raised regarding union member dues arises exclusively from the terms of the CBAs between Defendants and the United Steelworkers Union ("USW" or "Union"), of which all members of the Class are members. Moreover, both Objectors and Defendants appear to further agree that a proper forum for the adjudication of the issue raised is arbitration. (Dkt. 96, at 5-6; Dkt. 99, at 2, 4, 12.)  Indeed, the Objection does not aver that approval of the Settlement Agreement will directly impact any class member's interests or rights, but rather, only those of the USW in not receiving the dues owed pursuant to the governing CBAs.

While Plaintiffs maintain that the Court should grant their Motion for Preliminary Approval, they recognize that they and the members of the Class have a general job security interest that will be assisted by resolution of the dispute raised by the Objectors.  While this interest is separate from the interests at issue in this action, Plaintiffs believe that some assistance from the Court will serve both to expedite the approval process in the action as well as serve the interests of the parties, the putative class, and the non-party union. To that end, Plaintiffs propose that the Court confirm and permit the following:

/ / /

/ / /

- An order confirming that the Court's approval of the Settlement Agreement, if granted, does not waive the rights of the Objectors or the Objectors' union to pursue claims for dues deductions from the settlement payments in a separate forum; and

- An order staying the action for no longer than thirty (30) days from the date of this filing, June 18, 2019, to allow Defendants and the USW an opportunity to reach a resolution of their dispute.

A declaration from the Court confirming that judicial approval of the class action settlement (if granted) would not waive the parties' or the union's rights to pursue claims for dues deductions in a separate forum. This would allow the settlement approval process to move forward unhindered by the negotiation and/or adjudication of the contractual dispute in a separate forum. This confirmation would also help facilitate a resolution without infringing on the Union's collectively bargained rights to seek dues deductions or Defendants' rights under the governing CBAs in a separate forum.

Plaintiffs further contend that a brief stay of the proceedings of no more than thirty (30) days to allow Defendants and the USW to resolve their dispute prior to a decision on preliminary approval will assist in potentially reducing unnecessary delay later in the approval process while protecting the interests of the class members. *See, e.g.*, *Jaffe v. Morgan Stanley DW, Inc.*, No. C06-3903 TEH, 2007 U.S. Dist. LEXIS 8502, at *5 (N.D. Cal. Jan. 19, 2007) (granting a brief stay of less than two months pending "advanced settlement discussions" in a related class action, and noting that "Defendant will bear an extremely high burden of persuading the Court that an extension of the stay is warranted"); *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court.").

Plaintiffs, therefore, propose that the Court delay the issuance of its ruling on Plaintiffs' Motion for Preliminary Approval by no longer than 30 days from today's date, June 18, 2019.

DATED: June 18, 2019                    Respectfully submitted,

**HADSELL STORMER & RENICK, LLP**


By: ___/s/ Randy Renick_____
      Randy Renick
      *Attorneys for Plaintiffs*