U.S.SEYFARTH SHAW LLP
William J. Dritsas (SBN 97523)
wdritsas@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, CA  94105-2930
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Michael W. Kopp (SBN 206385)
mkopp@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

SEYFARTH SHAW LLP
Timothy M. Rusche (SBN 230036)
trusche@seyfarth.com
601 S. Figueroa Street, Suite 3300
Los Angeles, California 90017
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendants
TESORO REFINING & MARKETING COMPANY LLC and TESORO LOGISTICS GP, LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON VALLIERE, EILEEN FOSTER, ANTONIO GARCIA, and SAMANTHA WEST, individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>TESORO REFINING AND MARKETING COMPANY LLC, TESORO LOGISTICS GP, LLC, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 3:17-cv-00123-JST<br><br>[Assigned to the Hon. Jon S. Tigar]<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO NORMAN ANTHONY ROGERS, SAMUEL MCDONALD, AND BRIAN DUMONT'S PARTIAL OBJECTION TO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [DKT 100]** |
| JINETRA BONNER, individually, on behalf herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TESORO REFINING & MARKETING COMPANY, LLC, a Delaware Limited Liability Company; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. 3:17-cv-03850-JST |

**SUMMARY OF REPLY**

Tesoro agrees with Plaintiffs that the Partial Objection presents no basis for denial of preliminary approval of the Settlement Agreement and that the dispute raised regarding union member dues arises exclusively from the terms of the CBAs between Tesoro and the USW. Indeed, Plaintiffs do not dispute Tesoro's characterization of the facts and the salient arguments. Accordingly, there is no need for the Court to go further and create novel procedures outside of the USW's and Tesoro's available rights and defenses to try to resolve an extraneous, potential dispute involving a non-party to the litigation (the USW).

Despite agreement that the Partial Objection lacks merit, Plaintiffs propose a 30-day stay and a Court order confirming that preliminary approval would not waive any rights the Objectors or the USW may have to pursue claims for deductions from settlement payments in a separate forum.

Tesoro disagrees with Plaintiffs' proposed 30-day stay. As the Partial Objection lacks merit, it should be denied without any 30-day stay. Should a dispute arise between the USW and Tesoro, they would have the resources to address it consistent with established protocols and a stay is not necessary to facilitate that process.

Tesoro, however, has no objection to Plaintiffs' proposal that, should the Court find it desirable, it may confirm the neutral reality that approval of the Settlement Agreement does not waive whatever rights the Objectors or the USW may have to pursue claims for dues deduction from the settlement payments—or any defenses that Tesoro may have to the same—in a separate forum.

**ARGUMENT**

Plaintiffs agree with Tesoro's position that the Partial Objection involves a labor dispute not subject to the Court's jurisdiction and that the Objectors have not identified a reason to deny preliminary approval. Plaintiffs also do not disagree that (i) union dues allocation under the CBA is completely preempted by the LMRA; (ii) disputes regarding dues checkoff payments are preempted by the NLRB's exclusive jurisdiction under the NLRA; (iii) the "convenience" concerns of three partial objectors should be discounted; and (iv) settlements with other refineries are irrelevant to the issue presented.

The parties responses thus highlight that there is no rationale justifying why consideration of preliminary approval should be enmeshed with a labor dispute and that federal labor law preemption

precludes the Court from resolving that dispute. Indeed, by involving itself in an extraneous labor dispute, this Court would only harm class members by delaying their receipt of settlement payments.

If a labor dispute is ever raised by the USW with Tesoro over the issue of withholding union dues from settlement payments to employees, the USW and Tesoro can address that dispute themselves, including, if appropriate, through the grievance and arbitration procedures set forth in the applicable collective bargaining agreements, which procedures should be separate from this settlement process. Thus, rather than delaying settlement payments to individual class members, the settlement should move forward and any short "delay" in the USW's recovery of a share of the settlement payments from Tesoro should be borne by the USW, as a third-party raising claims independent of this lawsuit, and not at the expense of class members or the parties who have endured years of litigation.

Finally, while unnecessary, and not requested by Tesoro, if the Court were to grant a 30-day stay, it should issue only to provide the USW and Tesoro time to consider how to resolve any labor dispute. It should not require that any labor dispute be resolved before preliminary approval proceeds as that would unjustly interfere with the rights of the parties to this litigation. Any claims asserted by the USW would be a separate dispute that can be resolved independently, regardless of whether the settlement proceeds.

## **CONCLUSION**

For the foregoing reasons, Tesoro respectfully requests that the Court deny the Partial Objection and grant Plaintiffs' motion for preliminary approval.

DATED: July 2, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Timothy M. Rusche
    William J. Dritsas
    Timothy M. Rusche

Attorneys for Defendants
TESORO REFINING & MARKETING COMPANY LLC and TESORO LOGISTICS GP, LLC