EILEEN GOLDSMITH (SBN 218029)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
egoldsmith@altshulerberzon.com

*Attorneys for Objectors Norman Anthony Rogers, Samuel McDonald, and Brian Dumont*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON VALLIERE, EILEEN FOSTER, ANTONIO GARCIA, and SAMANTHA WEST, individually and on behalf of all similarly situated current and former employees,<br><br>    Plaintiffs,<br>    v.<br><br>TESORO REFINING AND MARKETING COMPANY LLC, TESORO LOGISTICS GP, LLC, and DOES 1 through 10, inclusive,<br><br>    Defendants. | **Case No. 4:17-CV-00123-JST**<br>**Case No. 4:17-CV-03850-JST**<br><br>[Assigned to the Hon. Jon S. Tigar]<br><br><br>**OBJECTORS' REPLY IN SUPPORT OF OBJECTORS' STATEMENT REGARDING PRELIMINARY SETTLEMENT APPROVAL [Dkt. 111, 113]** |
| JINETRA BONNER, individually, on behalf herself and all others similarly situated,<br><br>    Plaintiffs,<br>    v.<br><br>TESORO REFINING & MARKETING COMPANY, LLC, a Delaware Limited Liability Company; and DOES 1 through 100 inclusive,<br><br>    Defendants. | |

Defendant has previously represented to this Court that it "has no objection to Plaintiffs' proposal that, should the Court find it desirable, it may confirm the neutral reality that approval of the Settlement Agreement does not waive whatever rights the Objectors **or the USW** may have to pursue claims for dues deduction from the settlement payments—or any defenses that Tesoro may have to the same—in a separate forum." Dkt. 103 (Defendants' Reply to Plaintiffs' Response to Norman Anthony Rogers, Samuel Mcdonald, and Brian Dumont's Partial Objection to Motion for Preliminary Approval of Class Action Settlement) at 2 (emphasis added). Defendant has no basis to retreat from that position now (*see* Dkt. 113), having repeatedly told this Court that the proper venue for determining whether the wage component of the settlement payments is subject to dues deduction is the arbitral forum provided by the grievance procedure under the USW collective bargaining agreements. See Dkt. 111 at 1 (summarizing Defendant's prior statements regarding arbitration).

Objectors respectfully request that the Court, if it chooses to include any statement in its final approval order regarding the dues deduction issue, use the language originally proposed by Plaintiffs (*see* Dkt. 100 at 2) and to which Defendant expressly waived any objection. See Dkt. 111 at 1-2; Dkt. 103 at 2.

Dated: December 4, 2019          Respectfully submitted,

By: /S/ Eileen B. Goldsmith
    Eileen B. Goldsmith

EILEEN B. GOLDSMITH
ALTSHULER BERZON LLP

*Attorneys for Objectors Norman Anthony Rogers, Samuel McDonald, and Brian Dumont*