# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| JON VALLIERE, EILEEN FOSTER, ANTONIO GARCIA, and SAMANTHA WEST, individually and on behalf of all similarly situated current and former employees, | Case No. 3:17-cv-00123-JST |
| | Assigned to the Hon. Jon S. Tigar |
| Plaintiffs, | [PROPOSED] ORDER RE: CLASS NOTICE AND CLASS NOTICE DEADLINES |
| v. | |
| TESORO REFINING AND MARKETING COMPANY LLC, TESORO LOGISTICS GP, LLC, and DOES 1 through 10, inclusive, | |
| Defendants. | |
| JINETRA BONNER, individually, on behalf herself and all others similarly situated, | Case No. 17-CV-03850-JST |
| Plaintiffs, | |
| v. | |
| TESORO REFINING & MARKETING COMPANY, LLC, a Delaware Limited Liability Company; and DOES 1 through 100 inclusive, | |
| Defendants. | |

## ORDER

The Court, having considered the parties' Stipulation to Correct Class Notice, and finding good cause appearing, hereby ORDERS that:

1. The deadline to send out Class Notice should be extended from July 31, 2020, to August 7, 2020;

2. The last day for class members to request exclusion should be extended by one week, to October 9, 2020:

3. The fourth paragraph under Section 2 on page 3 of the Settlement Class Notice should be amended to read: "Defendants' records indicated that you worked the following Qualifying Shifts: __Qualifying Shifts of 8 hours, which received a value of .8 Credits;_ Qualifying Shifts of more than 8 hours and less than 12 hours, which received a value of 1.0 Credit; and _ Qualifying Shifts of 12 hours or more, which received a value of 1.2 Credits."

4. The second paragraph in Section 8 of the Settlement Class Notice should be amended to read: "(1) The Administrator shall calculate the total number of Qualifying Shifts worked by all Class Members during the Class Period; and (2) the Administrator shall then give Qualifying Shifts of 12 hours or more a value of 1.2 credits; Qualifying shifts of more than 8 hours and less than 12 hours, a value of 1.0 credits; and Qualifying Shifts of 8 hours, a value of .8 Credits."

5. The first sentence of the first paragraph in Section 10 of the Settlement Class Notice should be amended to read: "The amount of your Individual Settlement Payment will be based on the number of Qualifying Shifts you worked in operations, and whether they were 8 hours, more than 8 and less than 12 hours, or more than 12 hours, at any one of the locations referenced above in Section 1 at any time during the Class Period."

6. The Amended Class Notice attached hereto as Exhibit "A" with the changes identified above is approved for mailing to the Class.

IT IS SO ORDERED.

DATED: August 6, 2020

_____
JON S. TIGAR
United States District Judge

# EXHIBIT A

*Jon Valliere, Eileen Foster, Antonio Garcia, and Samantha West, individually and on behalf of all similarly situated current and former employees, Plaintiffs, v. Tesoro Refining and Marketing Co., LLC, and Tesoro Logistics GP, LLC ("Defendants" or "Tesoro"),*
United States District Court for the Northern District of California
Case No. 3:17-cv-00123-JST

*A court authorized this Notice. This is not a solicitation.*
*This is not a lawsuit against you and you are not being sued.*
*However, your legal rights are affected whether you act or don't act.*

# NOTICE OF CLASS ACTION SETTLEMENT

To:   All current and former employees of Defendants (or any of their affiliates or successors) who worked a rotating 8-hour, 10-hour, or 12-hour shift in operations at the i) Martinez Refinery or Chem Plant in Martinez, California; ii) the Los Angeles Refinery, Carson Operations, in Carson and Long Beach, California; iii) the Los Angeles Refinery, Wilmington Operations, in Wilmington, California; iv) the Tesoro Logistics terminal facilities at the Martinez Refinery; and v) the Long Beach Terminal, T2, Berth 121, and East Hynes in Long Beach, Carson, Signal Hill, and/or Wilmington, California at any time during the period from July 19, 2013 through June 26, 2020.

YOU RECEIVED THIS NOTICE BECAUSE YOU HAVE BEEN IDENTIFIED AS A CLASS MEMBER. AS A CLASS MEMBER, YOU DO NOT NEED TO DO ANYTHING TO RECEIVE A PAYMENT DESCRIBED IN THIS NOTICE.

THE COURT HAS NOT DETERMINED THAT TESORO VIOLATED THE LAW. THE TWO SIDES DISAGREE ON WHETHER THE PLAINTIFFS OR TESORO WOULD HAVE PREVAILED IF THE CASE HAD GONE TO TRIAL. TESORO DENIES THAT IT VIOLATED ANY LAWS OR THAT IT HARMED ITS EMPLOYEES IN ANY WAY.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **DO NOTHING** | To receive your Settlement Payment, you do not need to do anything. Your Individual Settlement Payment will be automatically mailed to you after the Court grants final approval of the Settlement. You will give up your right to sue Tesoro separately about the legal claims in this Lawsuit.<br><br>**NOTE**: **You must, however, update your address on file with the Administrator if it changes to ensure receipt of your check**. |
| **CHANGE CONTACT AND ADDRESS INFORMATION** | Update your personal information if it changes to ensure your check is mailed to the correct address. You may use the Change of Address form enclosed with this Notice. |
| **EXCLUDE YOURSELF** | You may exclude yourself ("opt out") from the Settlement if you do not wish to participate in the Settlement. If you exclude yourself, you will not receive an Individual Settlement Payment. This is the only option which allows you to keep open the possibility of pursuing claims (in your own lawsuit) against Tesoro for the same wrongs alleged in this case. |
| **OBJECT** | Send a written objection to the Court if you think the Settlement is not fair. You may also ask to speak in the court proceedings about why you think the Settlement is not fair. **NOTE**: If you ask to exclude yourself from the Settlement, you cannot also object. |

- **YOUR RIGHTS AND OPTIONS – AND THE DEADLINES TO EXERCISE THEM – ARE EXPLAINED IN THIS NOTICE.**

- **TESORO SUPPORTS THE SETTLEMENT AND WILL NOT RETALIATE IN ANY MANNER AGAINST ANY CLASS MEMBER RELATED TO THIS ACTION.**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**
1. Why did I get this Notice? .................................................................................Page 3
2. How much will my Settlement Payment be? .....................................................Page 3
3. What is this Lawsuit about? ...............................................................................Page 3
4. Who are the Parties in this Lawsuit? ..................................................................Page 4
5. Why is this litigation a Class Action? ................................................................Page 4
6. Who are the attorneys for the Plaintiffs and the Class ("Class Counsel")? ..............Page 5
7. Why is there a Settlement? .................................................................................Page 5

**THE TERMS OF THE SETTLEMENT**
8. What are the terms of the Settlement and how will my payment be calculated? .......Page 5

**HOW TO GET A PAYMENT**
9. How can I get my Settlement Payment? .............................................................Page 6
10. What do I do if I think my information and/or number of Qualifying Shifts is wrong? Page 6
11. When can I expect to receive my Settlement Payment? ....................................Page 7
12. What am I giving up to get a payment? .............................................................Page 7

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
13. How do I get out of the Settlement? ..................................................................Page 7
14. If I don't exclude myself from the Settlement, can I sue Tesoro for the same thing later? ...........................................................................................Page 8
15. If I exclude myself, can I get money from this Settlement? ..............................Page 8

**OBJECTING TO THE SETTLEMENT**
16. How do I tell the Court if I don't like the Settlement? ......................................Page 8
17. What's the difference between objecting and requesting to be excluded from the case? .............................................................................................................Page 9

**THE COURT'S FINAL FAIRNESS HEARING**
18. When and where will the Court decide whether to approve the Settlement? .............Page 9
19. Do I have to come to the hearing? .....................................................................Page 9
20. May I appear and speak at the hearing? ............................................................Page 10

**GETTING MORE INFORMATION**
21. Who can I contact if I have questions about the Settlement? ...........................Page 10

**ADDITIONAL IMPORTANT INFORMATION** ...............................................................Page 10

## BASIC INFORMATION

### 1. Why did I get this Notice?

A proposed settlement (the "Settlement") has been reached in the consolidated class action litigation currently pending in the United States District Court for the Northern District of California, entitled *Jon Valliere, Eileen Foster, Antonio Garcia, and Samantha West, Plaintiffs, v. Tesoro Refining and Marketing Company, LLC, Tesoro Logistics GP, LLC*, Defendants, Case No. 3:17-cv-00123-JST, consolidated with *Jinetra Bonner v. Tesoro Refining & Marketing Company, LLC*, Case No. 3:17-cv-03850-JST (the "Class Action" or "Lawsuit"). If the court approves the Settlement, the Settlement will resolve all claims in the Class Action.

The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the Class Action and the Settlement.

You received this Notice because Tesoro's records identify you as a current or former employee of Defendants (or any of their affiliates or successors) who worked a rotating 8-hour, 10-hour, or 12-hour shift in operations at the i) Martinez Refinery or Chem Plant in Martinez, California; ii) the Los Angeles Refinery, Carson Operations, in Carson and Long Beach, California; iii) the Los Angeles Refinery, Wilmington Operations, in Wilmington, California; iv) the Tesoro Logistics terminal facilities at the Martinez Refinery; and v) the Long Beach Terminal, T2, Berth 121, and East Hynes in Long Beach, Carson, Signal Hill, and/or Wilmington, California during the period from July 19, 2013 through June 26, 2020. ("the Class" or "Class Members").

### 2. How much will my Settlement Payment be?

Tesoro's records indicate that you worked a rotating 8-hour, 10-hour, or 12-hour shift in operations at one or more of the locations identified in the preceding paragraph and worked _____ Qualifying Shifts sometime during the period from July 19, 2013 through June 26, 2020 (the "Class Period").

A "Qualifying Shift" for purposes of this Settlement is a rotating 8-hour, 10-hour, or 12-hour shift in operations at one or more of the locations listed above during the Class Period.

Any Class Member who has worked at least one Qualifying Shift but not more than twenty-five (25) Qualifying Shifts during the Class Period will receive an Individual Settlement Payment for no less than twenty-five (25) Qualifying Credits.

Defendants' records indicated that you worked the following Qualifying Shifts: __ Qualifying Shifts of 8 hours, which received a value of .8 Credits; _ Qualifying Shifts of more than 8 hours and less than 12 hours, which received a value of 1.0 Credit; and _ Qualifying Shifts of 12 hours or more, which received a value of 1.2 Credits. ~~Defendants' records indicated that you worked the following Qualifying Shifts: ___ Qualifying Shifts of 8 hours, which receives a value of .8 Credits; ___ Qualifying Shifts of 10 hours, which receives a value of 1.0 Credit; and ___ Qualifying Shifts of 12 hours, which receives a value of 1.2 Credits.~~

Based on the number of Qualifying Shifts indicated by Defendants' records, your share of the Settlement, **before** deductions for withholding and taxes, is estimated to be $_____. This is an estimate based on the calculations described below. The actual amount you receive may be more or less than the estimated amount shown, depending on a number of factors including whether other Class Members request exclusion from the Settlement and how much the Court approves in attorneys' fees, litigation expenses, and other costs of suit.

### 3. What is this Lawsuit about?

Plaintiffs' Lawsuit is based on the California Supreme Court's December 22, 2016 interpretation of Wage Order No. 4-2001 in *Augustus v. ABM Securities Services, Inc.*, 2 Cal. 5th 257, 260 (2016), which Plaintiffs contend

holds that rest periods under that wage order cannot be "on call." Plaintiffs contend that Tesoro requires refinery, terminal facility, and plant operators to maintain radios during rest breaks in violation of their interpretation of this California Supreme Court rest break decision.

Plaintiffs allege that Tesoro violated California's wage and hour laws by not providing them with rest breaks, by failing to pay them premium wages for missed rest breaks, and by failing to provide accurate wage statements. In addition to alleging violations of the California Labor Code, Plaintiffs also have asserted claims under California Business & Professions Code section 17200 and the Labor Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code sections 2698 *et seq.*, based on the same alleged Labor Code violations.

Tesoro disagrees with Plaintiffs' interpretation of rest period law, denies all allegations in the Lawsuit, and contends it has complied with California law at all times. The Settlement is not an admission of any wrongdoing by Tesoro or an indication that any law was violated. Tesoro is confident it has strong legal and factual defenses to these claims, but both sides recognize the risks and expenses associated with continued litigation.

The Settlement is the result of two mediated sessions conducted on April 11, 2018 and July 16, 2018, by experienced mediators who facilitated the Parties' good faith, serious, and informed arm's length negotiations. Both sides agree that in light of the risks and expenses associated with continued litigation, the Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members.

The Court has not yet ruled on the merits of the Class Representatives' claims in this litigation or Defendants' defenses to those claims. The Settlement is a compromise and is not an admission of liability on the part of Defendants.

**4.     Who are the Parties in this Lawsuit?**

Jon Valliere, Eileen Foster, Antonio Garcia, Samantha West, and Jinetra Bonner are the Plaintiffs, and the appointed the Class Representatives in this Class Action. Each has been employed as an Operator at one or more of the facilities identified in Section 1 of this Notice sometime during the Class Period.

Tesoro Refining & Marketing Company, LLC and Tesoro Logistics GP, LLC are the Defendants in this Class Action which operate the oil refineries and distribution facilities referenced in Section 1 of this Notice.

**5.     Why is this litigation a Class Action?**

In a class action, one or more people called the Class Representatives sue on behalf of themselves and other people who they allege have similar claims. The group of people with allegedly similar claims is called a "class." Each person receiving this notice is a "Class Member" for purposes of this Settlement. If a court certifies (or approves) a class, that one court resolves the issues for all Class Members except for those who request to be excluded from the Class and this Settlement.  In this case, for settlement purposes, the Court certified the following Class:

> All current and former employees of Defendants (or any of their affiliates or successors) who worked a rotating 8-hour, 10-hour, or 12-hour shift in operations at any time during the Class Period at the i) Martinez Refinery or Chem Plant in Martinez, California; ii) the Los Angeles Refinery, Carson Operations, in Carson and Long Beach, California; iii) the Los Angeles Refinery, Wilmington Operations, in Wilmington, California; iv) the Tesoro Logistics terminal facilities at the Martinez Refinery; and v) the Long Beach Terminal, T2, Berth 121, and East Hynes in Long Beach, Carson, Signal Hill, and/or Wilmington, California.

According to Tesoro's records, you are a member of the Class.

6. **Who are the attorneys for the Plaintiffs and the Class ("Class Counsel")?**

**HADSELL STORMER RENICK & DAI, LLP**
Randy Renick
Cornelia Dai
128 N. Fair Oaks Avenue
Pasadena, CA 91103
Telephone: (626) 585-9600 / Fax: (626) 577-7079

**GILBERT & SACKMAN,** A Law Corporation
Jay Smith
Joshua F. Young
3699 Wilshire Boulevard, Suite 1200
Los Angeles, CA 90010
Telephone: (323) 938-3000 / Fax: (323) 937-9139

**COHELAN KHOURY & SINGER**
Timothy D. Cohelan
Michael D. Singer
Diana M. Khoury
J. Jason Hill
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001 / Fax: (619) 595-3000

7. **Why is there a Settlement?**

The Court did not decide in favor of any of the Plaintiffs or Defendants Tesoro Refining & Marketing Company LLC and Tesoro Logistics GP. There was no trial. Instead, both sides agreed to a no-fault settlement of the Class Action. That way, they avoid the cost and risks of a trial and Class Members will get compensation from the Settlement. Plaintiffs, who were appointed the Class Representatives, and their attorneys think the Settlement is best for all Class Members.

## THE TERMS OF THE SETTLEMENT

8. **What are the terms of the Settlement and how will my payment be calculated?**

Subject to final Court approval, Defendants will pay a total of $15,250,000 to fully and finally resolve all claims in the Class Action (referred to as "Gross Settlement Amount" or "GSA") for (a) Participating Class Members' Individual Settlement Payments; (b) Class Representatives' Court-approved Service Awards to each named Plaintiff in the sum of $7,500 for initiation of, work and efforts in prosecuting the Class Action, for undertaking the risks of payment of costs in the event of an unsuccessful outcome, giving general releases of all claims, and the substantial benefits conferred upon Class; (c) administration expenses to CAC Services Group, LLC in the estimated sum of $45,000; (d) PAGA payment of $50,000 to the California Labor Workforce and Development Agency ("LWDA") under California Labor Code's Private Attorneys General Act of 2004 to cover the government's share of all applicable civil penalties implicated or raised by the allegations of the Class Action, of which 75% ($37,500) will be paid to the LWDA, and the remaining 25% ($12,500) to be proportionately allocated to Participating Class Members; and (d) Class Counsel's attorneys' fees of up to 25% of the GSA, and (e) litigation costs, subject to proof, estimated at $100,000.

Following deduction of the Court-approved sums for items (b) through (e) above, the remaining sum, "the Net Settlement Amount," estimated at $11,217,500, will be entirely distributed, on a proportionate basis, to all "Participating Class Members" (which means all Class Members who have not returned a valid request for exclusion from the Settlement), based on Credits awarded to each Participating Class Member worked during the Class Period in relation to the total number of Credits worked by ALL Participating Class Members during the Class Period.

The Individual Settlement Payment to each Participating Class Member shall be the Class Member's pro-rata share of the Net Settlement Amount, based on the following formula: (1) The Administrator shall calculate the total number of Qualifying Shifts worked by all Class Members during the Class Period; and (2) the Administrator shall then give Qualifying Shifts of 12 hours or more a value of 1.2 credits; Qualifying shifts of more than 8 hours and less than 12 hours, a value of 1.0 credits; and Qualifying Shifts of 8 hours, a value of .8 Credits. ~~(1) The Administrator shall calculate the total number of Qualifying Shifts worked by all Class Members during the Class Period; and (2) the Administrator shall then give Qualifying Shifts of 12 hours a value of 1.2 Credits; Qualifying Shifts of 10 hours, a value of 1.0 Credit; and Qualifying Shifts of 8 hours, a value of .8 Credits.~~

The Administrator will then divide the Net Settlement Amount by the total number of Credits worked by the entire Class during the Class Period resulting in a value for each Credit. The Administrator will then take the Credit value and multiply it by the number of Credits awarded to each Class Member.

For income and payroll tax purposes, fifty percent (50%) of each Settlement Payment will be attributed to unpaid wages, which will be subject to withholdings and deductions and reported as required by law. The remaining fifty percent (50%) of each Settlement Payment will be attributed to penalties and interest which will be subject to tax but not be subject to required withholdings and deductions, and will be reported as non-wage income as required by law.

**A claim form is not required.** Any portion of the Net Settlement Amount which would otherwise have been paid to Class Members who request to be excluded from the Settlement will be redistributed and paid to the Participating Class Members. In other words, the entire amount of the Net Settlement Amount will be paid to Participating Class Members who do not request exclusion from the Settlement and remain in the Class.

This Notice of Settlement to the Class and Plaintiffs' Motion for Attorney's Fees and Reimbursement of Costs will be available for review at www.TesoroRestBreakClassActionSettlement.com at least thirty-five days prior to the deadlines for Class Members to Opt Out or Object to the Settlement. Other important court documents in this Class Action, including the motions for approval, will also be available on this website.

## HOW TO GET A PAYMENT

9. **How can I get my Individual Settlement Payment?**

If you do nothing, you will automatically receive your Individual Settlement Payment if the Court approves the Settlement at the Final Fairness/Final Approval Hearing. You must, however, notify the Administrator of any change in your name and/or mailing address if the name and/or address to which this Notice was mailed is not correct. **It is your responsibility to keep the Administrator informed of any change in your mailing address. Your Individual Settlement Payment will be mailed to the last known address the Administrator has on file for you.** For your convenience, a Change of Address form and a preprinted return envelope are enclosed. You may also call the Administrator at 1-866-602-2260.

10. **What do I do if I think my information or the number of Qualifying Shifts is wrong?**

The amount of your Individual Settlement Payment will be based on the number of Qualifying Shifts you worked in operations, and whether they were 8 hours, more than 8 and less than 12 hours, or more than 12 hours, at any ~~in as an Operator,in~~ one of the locations referenced above in Section 1 at any time during the Class Period. ~~The amount of your Individual Settlement Payment will be based on the number of Qualifying Shifts you worked as an Operator, and whether they were 8-hour, 10-hour, and 12-hour shifts, at any one of the locations referenced above in Section 1 at any time during the Class Period.~~ The number of Qualifying Shifts worked shown in Section 2 was obtained from the records of Tesoro. If you believe the information is not right, you may send a letter to the Administrator indicating what you believe to be the correct information. Your letter must be postmarked on or before October ~~3~~9, 2020. You should include any documents or other information supporting your belief that

the number and/or length of the Qualifying Shifts identified in Section 2 is not correct. The Administrator will resolve any dispute regarding the number of Credits awarded based on Tesoro's records and any information you provide. The information and data supplied by Tesoro will be presumed correct unless you supply company records from Tesoro showing contrary information.

### 11. When can I expect to receive my Settlement Payment?

If you do not exclude yourself from the Settlement, you will be a Participating Class Member and your share of the Settlement will be mailed to you approximately 21 days after the Court grants final approval of the Settlement. ***Your Settlement Payment will be mailed to the address the Administrator has on file for you, which is the address to which this Notice was mailed.*** Again, if this address is not right, or if you move after you receive this Notice, you must let the Administrator know. For your convenience, a Change of Address form and a pre-printed return envelope are enclosed. You may also call the Administrator at 1-866-602-2260.

Participating Class Members receiving an Individual Settlement Payment will be responsible for correctly characterizing this compensation for tax purposes and paying taxes due, if any. If such checks remain uncashed after 180 days of issuance, the Administrator will place a stop payment on all such checks and donate the sums represented by those uncashed checks to *cy pres* to the Loyola Law School Clinical and Experiential Learning Programs.

### 12. What am I giving up to get an Individual Settlement Payment?

Unless you exclude yourself, you are staying in the Class, which means that you can't sue, continue to sue, or be part of any other lawsuit against Tesoro concerning the legal issues in this Class Action. Specifically, you will be giving up or "releasing" the claims described below and as more fully described in the Joint Stipulation of Class Action Settlement:

**Release of Claims**: After the Court has approved the Settlement, each Class member who has not submitted a timely and valid request to opt out of the Settlement will be bound by the approval and judgment which will have the effect of releasing those claims that were alleged in the Action and that arose during the Class Period, including in the original complaint filed in the Valliere action on January 10, 2017; the complaint filed in the Bonner action on March 22, 2017; the First Amended Class Action Complaint; the Second Amended Class Action Complaint; the original Consolidated Class Action Complaint filed on October 12, 2017; the First Amended Consolidated Complaint Class Action Complaint; for the failure to provide an off-duty rest period (Cal. Lab. Code §§ 226.7, 512, 558), failure to furnish timely and accurate wage statements arising from the failure to provide rest periods (Cal. Lab. Code §§ 226 and 226.3), all claims in connection with rest periods arising under the California Labor Code, California Industrial Welfare Commission Wage Order No. 1-2001, and California's Unfair Competition Law (California Bus. & Prof. Code § 17000 - 17208, et seq.), all claims in connection with rest periods and inaccurate wage statements arising under PAGA, California Labor Code §§ 2698, 2699, et seq., for violations of the California Labor Code, including §§ 226, 226.3, 558, 226.7 and Wage Order 1-2001, all claims for attorneys' fees and costs arising from the prosecution of all of the above claims, and all claims for restitution, disgorgement, and injunctive relief.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 13. How do I get out of the Settlement?

If you wish to preserve the option to pursue your own separate lawsuit against Tesoro for the claims asserted in this Class Action, or if you otherwise wish not to participate in the Settlement for whatever reason, you should exclude yourself from the Settlement. To exclude yourself, <u>you must return</u> a written request addressed to the Administrator which provides the following information: (i) the name of this Class Action; (ii) the full name,

address, telephone number and last four digits of the Social Security Number of the person requesting to be excluded; (iii) the words "Request for Exclusion" at the top of the document; (iv) be personally signed by the Class Member seeking to be excluded, and (v) the following statement:

"I wish to be excluded from the Settlement of the Action, *Valliere, et al. v. Tesoro Refining and Marketing Company, LLC,* Case Nos. 3:17-cv-00123-JST, currently pending in the United States District Court for the Northern District of California."

Your written request for exclusion must be mailed to the address shown below, postmarked on or before October ~~3~~9, 2020.

> Tesoro Rest Break Class Action Settlement
> Class Action Administrator
> c/o CAC Services Group, LLC
> 6420 Flying Cloud Dr Ste 101
> Eden Prairie, MN  55344

14. **If I don't exclude myself from the Settlement, can I sue Tesoro for the same thing later?**

No. Unless you exclude yourself from this Class Action, you give up any right to sue Tesoro for the claims that this Settlement resolves. *If you have a claim or lawsuit already pending against Tesoro, you must immediately speak to your lawyer in that case*. *Do not delay*. You may need to ask to exclude yourself from this Class Action to continue your own lawsuit. Remember, the deadline to submit a valid and timely request for exclusion is October ~~3~~9, 2020.

15. **If I exclude myself, can I get money from this Settlement?**

No. If you exclude yourself, you will not receive your Individual Settlement Payment. The payment you would have been entitled to receive will be distributed to those Class Members who choose to participate and remain in the Class.

## OBJECTING TO THE SETTLEMENT

16. **How do I tell the Court that I don't like the Settlement?**

If you don't think the Settlement is fair, you may object to the Settlement and tell the Court your reasons for disagreeing with the Settlement and why approval should be denied. This is the process by which you can tell the Court if you think the Settlement as a whole is unfair. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. Please note that the Court can only approve or reject the Settlement and cannot change the terms of the Settlement. If you think only that your Settlement Payment was miscalculated, use the process set forth above in Section 10. If you submit an objection, the Court will consider your views.

To object, you should send a letter only to the Court in charge of this case stating that you object to the *Valliere, et al. vs. Tesoro Refining and Marketing Co., LLC, et al.,* Case No. 3:17-cv-00123-JST proposed Settlement. Written objections must be (1) signed by the Class Member and/or his or her representative; (2) state the objecting Class Member's name, address, telephone number and the last four digits of his/her Social Security number; (3) state the case name and number as follows: *Valliere, et al. vs. Tesoro Refining and Marketing Co., LLC, et al.,* Case No. 3:17-cv-00123-JST; (4) state concisely each objection to the Settlement; (4) explain the basis for each objection, and (5) be dated. If the Class Member intends to use any document(s) to support his or her objection, a copy of the document(s) must be included with the written objection at the time of submission. Mail the objection postmarked on or before October 9~~3~~, 2020 addressed to the Court as follows:

> Clerk of the Court for the Honorable Judge Jon S. Tigar

United States District Court, Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

You may also file them in person at any location of the United States District Court for the Northern District of California on or before October ~~3~~9, 2020.

You may appear in person at the time of the Final Fairness/Final Approval Hearing to speak with the Court and discuss your objection. Any Class Member wishing to appear at the Final Approval Hearing should also send a letter to the Court at the address shown in this paragraph indicating their intention to appear at the Final Fairness/Final Approval Hearing. The objection and the notice of intention to appear at the Final Fairness/Final Approval hearing must also be postmarked on or before on or before October 9~~3~~, 2020.

### 17. What's the difference between objecting and requesting to be excluded from the case?

Objecting is simply telling the Court you don't like something about the Settlement. You may object only if you stay in the Class. Requesting to be excluded from the Class is telling the Court that you don't want to be part of the Class for whatever reason. If you choose to request exclusion from the Class Action, you have no basis to object because the case no longer affects you.

If you remain in the Class and object to any of the terms of the Settlement, the Court will consider your written and/or oral objections when deciding whether to grant final approval to the Settlement. You do not need to appear at the hearing to discuss the objection.

## THE COURT'S FINAL FAIRNESS HEARING

### 18. When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Fairness/Final Approval Hearing in Courtroom 6 (2nd floor) of the United States District Court for the Northern District, Oakland Courthouse, located at 1301 Clay Street, Oakland, California 94612 on December 16, 2020 at 2:00 p.m. At this hearing, the Court will determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve Class Counsel's request for attorneys' fees and litigation costs, the Class Representative service awards, and the Administrator's fees and expenses.

The Court may reschedule the Final Fairness/Final Approval hearing without further notice to Class Members. Class Members are advised to check the website maintained for the Class Action, www.TesoroRestBreakClassActionSettlement.com, to confirm that the date has not been changed. However, any Class Member who has filed a written objection will be notified by Class Counsel of any rescheduling of the date and time of the Final Fairness/Final Approval hearing.

### 19. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you have mailed your written objection in the manner described in Paragraphs 81-84 of the Joint Stipulation of Class Action Settlement Agreement, the Court will consider it. You may also hire and pay your own lawyer to attend if you so desire.

**20.    May I appear and speak at the hearing?**

You may personally appear or have a lawyer appear on your behalf at the Final Fairness/Final Approval Hearing to talk about your objection.  See Paragraph 82 of the Joint Stipulation of Class Action Settlement Agreement.

## GETTING MORE INFORMATION

**21.    Who can I contact if I have questions about the Settlement?**

This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Joint Stipulation of Class Action Settlement and Release ("Agreement") available at www.TesoroRestBreakClassActionSettlement.com, by contacting Class Counsel at the addresses and telephone numbers shown above in Section 6, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records ("PACER") system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Oakland Courthouse, located at 1301 Clay Street, Oakland, California 94612, between the hours of 9 a.m. and 4 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE OR CONTACT THE COURT CLERK'S OFFICE, THE JUDGE, OR ANY OF THE TESORO FACILITIES MANAGERS, SUPERVISORS, OR ATTORNEYS ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

The Joint Stipulation of Class Action Settlement will be available for review after July 31, 2020 at www.TesoroRestBreakClassActionSettlement.com.

## ADDITIONAL IMPORTANT INFORMATION

A.    **Tesoro supports the Settlement** and will not retaliate in any manner whatsoever against any Class Member who stays in the Class and receives an Individual Settlement Payment or requests exclusion from the case and Settlement.   No portion of the Net Settlement Amount will go back to Tesoro under any circumstances as a result of any requests for exclusion by Class Members or uncashed checks.

B.    **It is your responsibility to ensure that the Administrator** has your current mailing address and telephone number on file, as this will be the address to which your Individual Settlement Payment will be mailed.

C.    **Settlement Payment checks must be cashed soon after receipt**. Monies represented by checks which remain uncashed after 180 days of the date of issuance will be donated *cy pres* to the Loyola Law School Clinical Programs and Experiential Learning.  If your check is lost or misplaced, you should immediately contact the Administrator to request a replacement.